96 F.3d 1430
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
David James WYATT, Plaintiff, Appellant,
v.
THE BOSTON TEACHERS UNION, Defendant, Appellee.
 No. 96-1165.
 United States Court of Appeals, First Circuit.
 Sept. 26, 1996.
 
 David James Wyatt on brief pro se.
 Matthew E. Dwyer, John P. Sheridan and Dwyer & Jenkins on brief for appellee.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant David James Wyatt appeals from the dismissal of his action against appellee Boston Teachers Union. He filed a complaint in the district court, alleging that the Union had retaliated against him in violation of Title VII by refusing to represent him in opposing his termination from his job as a teacher in the Boston public school system. The district court determined that appellant had not filed a charge with the Equal Employment Opportunity Commission within 300 days as required by 42 U.S.C. § 2000e-5(e). We agree with the district court for essentially the reasons stated in its Order, dated December 14, 1995. We add two comments.
 
 
 2
 1. Appellant raises on appeal a new theory, supported by new facts, concerning his argument that he did not discover that the Union was refusing to represent him until June 24, 1994. Appellant also raises the new argument that he was unaware of his right to sue the Union under Title VII until we issued our opinion in the appeal of his action against the City of Boston and others. See Wyatt v. City of Boston, Nos. 93-2330 and 93-2367 (1st Cir. September 15, 1994).
 
 
 3
 In the absence of extraordinary circumstances, we do not consider arguments never presented to the lower court. Clauson v. Smith, 823 F.2d 660, 666 (1st Cir.1987)(collecting cases). We have reviewed the record and the briefs, and do not find such circumstances here. Thus, appellant has waived appellate consideration of these new assertions. See id.
 
 
 4
 2. Using December 31, 1993 as the time appellant learned of the alleged unlawful practice--retaliatory refusal of representation--we conclude that the November 25, 1994 filing with the Massachusetts Commission Against Discrimination occurred 328 days after this date. This is outside both the 240-day limit for filing charges with an appropriate state agency and the 300-day limit for filing charges with the EEOC. See EEOC v. Commercial Office Products Co., 486 U.S. 107, 110-11 (1988) (with exceptions not relevant here, a complainant may not file a charge with the EEOC until 60 days have passed from the initial filing with the proper state agency; thus, to meet the 300-day time limit for filing EEOC charges, the state complaint must be filed within 240 days of the date the alleged unlawful act took place).
 
 
 5
 The judgment of the district court is summarily affirmed. See Local Rule 27.1.